UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMIAH JAPETH SIMS,

    Defendant.
_____/

File No. 1:05-CR-160

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

Defendant Jeremiah Japeth Sims is serving a sentence of Life in Prison on one count of murder - racketeering; 18 U.S.C. §1958; 18:2.  The Court sentenced Defendant on May 16, 2007.  On September 2, 2008, the Sixth Circuit affirmed Defendant's conviction.  (Dkt. No. 275)  On October 10, 2008, Defendant filed a motion for the return of property.  (Dkt. No. 277, Def.'s Mot. for Return of Property.)

Under federal law, a person aggrieved by an allegedly unlawful seizure of property or by deprivation of property has two principal remedies.  If a criminal case is pending, the aggrieved person may file a motion pursuant to Federal Rule of Criminal Procedure 41(g).  After a person is convicted, however, the appropriate remedy is a civil action in equity.  *United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000); *Stiger v. United States*, 100 F. App'x. 370, 372 (6th Cir. 2004).  *See also United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000) (indicating that a Rule 41(g) motion filed after conviction is equitable in nature); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990) (same).  If a defendant

files a Rule 41(g) motion after criminal proceedings against him have been completed, then the defendant's motion should be construed as an independent civil complaint seeking equitable relief. *Stiger*, 100 F. App'x at 372; *United States v. Simmons*, No. 1:04-CR-214, 2008 U.S. Dist. LEXIS 17548, at *2, 2008 WL 647655, at *1 (W.D. Mich. Mar. 7, 2008).

As Defendant's criminal proceeding has concluded, the Court must construe Defendant's motion as a civil complaint. The Clerk will be directed to establish a new civil case, which should be assigned to the undersigned as a related case under W.D. Mich. LCivR 3.3.1(d)(iii)(A)(1). Because Defendant is incarcerated, his newly filed civil action is subject to the provisions of the Prisoner Litigation Reform Act ("PLRA") of 1995, including the fee payment provisions of 28 U.S.C. § 1915. *Jones*, 215 F.3d at 469; *Stiger*, 100 F. App'x at 372. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for return of property (Dkt. No. 277) is hereby treated as a civil action in equity. The Clerk is directed to establish a new civil action captioned *Jeremiah Sims v. United States of America*, assigned to District Judge Robert Holmes Bell. The Clerk is further directed to file Defendant's motion for return of property (Dkt. No. 277) in the new civil action.

**IT IS FURTHER ORDERED** that the Clerk shall process the new civil action in accordance with the procedures applicable to civil cases brought by prisoners under the Prisoner Litigation Reform Act.

Dated: <u>October 31, 2008</u>                    <u>/s/ Robert Holmes Bell            </u>
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE